**FILED**
**Jun 20, 2022**
**03:38 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **LAUNDELL MOSS,** | ) | **Docket No.: 2021-08-0362** |
| **Employee,** | ) | |
| **v.** | ) | |
| **NATIONWIDE SURPLUS, LLC,** | ) | **State File No.: 4797-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS CASUALTY &** | ) | **Judge Deana C. Seymour** |
| **SURETY COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Nationwide Surplus's Motion for Summary Judgment on June 15, 2022. Nationwide contends Mr. Moss filed his Petition for Benefit Determination outside the one-year statute of limitations. For the reasons below, the Court grants the motion.

### Facts

Mr. Moss claimed a back injury after lifting at work on November 12, 2019. According to Mr. Moss, he timely reported his injury to Nationwide and completed workers' compensation paperwork. However, he never received a panel of physicians, so he sought treatment on his own.

Mr. Moss treated with neurosurgeon Dr. Fereidoon Parsioon, who diagnosed a ruptured disc and performed surgery. Nationwide's workers' compensation carrier denied the claim and made no payments. On April 6, 2021, Mr. Moss filed a Petition for Benefit Determination.

Nationwide filed a Motion for Summary Judgment, along with a statement of undisputed material facts summarized as follows:

- Mr. Moss seeks benefits arising out of an incident at work on November 12, 2019;

1

- No payments were made on the claim; and
- Mr. Moss filed his petition on April 6, 2021.

Nationwide contends it is entitled to summary judgment because Mr. Moss waited more than one year after his alleged date of injury before filing his petition. Thus, his filing falls outside the one-year statute of limitations.

Mr. Moss did not respond to the motion as required by Tennessee Rule of Civil Procedure 56.03.[1]

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2021).

As the moving party, Nationwide must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Moss's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2021); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Nationwide is successful in meeting this burden, Mr. Moss must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Id.* at 265.

Since Mr. Moss did not respond to Nationwide's statement of undisputed facts, the Court finds the facts undisputed. The issue then is whether summary judgment is "appropriate" under Rule 56.06.

Under Tennessee Code Annotated section 50-6-203, an employee's right to recover compensation is forever barred unless the employee files a petition within one year after the accident resulting in injury. Tenn. Code Ann. § 50-6-203(b)(1).

Here, the undisputed facts show that a petition was not filed until April 6, 2021, which was more than one year from Mr. Moss's date of injury on November 12, 2019. Thus, Nationwide met its burden of negating an essential element of the claim – filing within a year of the date of injury.

---

[1] While Mr. Moss did not file a response, he did appear at the hearing and reiterated the argument he made during his Expedited Hearing that he did not receive any medical bills, which led him to believe Nationwide paid for his treatment. He also mentioned that he thought he had one year from either the denial, the last payment made, or his return to work.

The burden shifts to Mr. Moss to show that the record contains specific facts upon which the Court could find a factual dispute on that issue. Since Mr. Moss did not provide these facts, the Court holds that Nationwide is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Nationwide Surplus's Motion for Summary Judgment is granted, and Mr. Moss's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Nationwide Surplus under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (February, 2022), payable to the Clerk within five days of this order becoming final.

4. Nationwide Surplus shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED June 20, 2022.**

_____
**Judge Deana C. Seymour**
**Court of Compensation Claims**

3

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on June 20, 2022.

| Name | Certified Mail | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Laundell Moss, Employee | X | X | X | 3097 Waynoka Ave. #4 Memphis, TN 38111 dellmossjr81@gmail.com |
| Paul Nicks, Employer's Attorney | | | X | pnicks@travelers.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

For notices of appeal filed on or after July 1, 2022.



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board.  *See the Rules governing the Workers' Compensation Appeals Board on  the Bureau's website*

***For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.***

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*